UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN NEEDLE, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-3971 |
| v. ) | |
| ) | Judge John W. Darrah |
| ZAZZLE INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Needle, Inc. filed a Complaint, alleging Zazzle Inc. has and is infringing U.S. Patent 7,319,980. Defendant challenges the patent claims' eligibility under 35 U.S.C. § 101 and moves to dismiss pursuant to Federal Rule of Civil Procedure 12. Defendant's Motion to Dismiss [13] is granted.

## BACKGROUND

Plaintiff is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. (Compl. ¶ 1.) Defendant is a California corporation with its principal place of business in Redwood City, California. (*Id.* ¶ 2.) Plaintiff is the exclusive owner of U.S. Patent 7,319,980 (the "'980 patent"), which describes a "method for facilitating sale of objects such as caps over the Internet, including providing a user input for selecting a display icon representing the object offered for sale, providing a user input for a design element selected by the user to be included on the object, and providing a display illustrating the cap represented by the selected display icon with the user selected design element at the user selected location on the cap." (*Id.* ¶ 7, Exh. 1.) Plaintiff alleges that the '980 patent is valid and enforceable and that Defendant has and is directly infringing claims of the '980 patent. (*Id.* ¶¶ 8-9.)

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject matter of the case to present a story that holds together.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor,

subject to the conditions and requirements of this title." 35 U.S.C. § 101. Whether a claim is "patent-eligible subject matter under § 101 is a threshold inquiry" and "a matter of law." *In re Bilski*, 545 F.3d 943, 950 (Fed. Cir. 2008). The Supreme Court has "long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (quoting *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)). A patent claim is not ineligible solely on the basis that it includes an abstract concept. *See Alice*, 134 S. Ct. 2355 (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981)). Inventions that are "applications of such concepts to a new and useful end . . . remain eligible for patent protection." *Id.* (citing *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)). "[I]n applying the § 101 exception, [courts] must distinguish between patents that claim the building blocks of human ingenuity and those that integrate the building blocks into something more, thereby transforming them into a patent-eligible invention." *Id.* (quotations and citations omitted).

There is a two-step process to distinguish between "patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Id.* First, the court must "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* at 2355 (citing Mayo *Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1296-97 (2012)). If the patent is directed to a patent-ineligible concept, then the court must search the claims for an "inventive concept − *i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 134 S. Ct. at 2355 (internal citations and quotations omitted). In doing so, the court must examine the "elements of

3

each claim both individually and as an ordered combination to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (citing *Mayo*, 132 S. Ct. at 1297).

*Abstract Concept*

"An abstract idea is one that has no reference to material objects or specific examples - *i.e.*, it is not concrete." *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1343 (Fed. Cir. 2013). "[A] method that can be performed by human thought alone is merely an abstract idea and is not patent-eligible under § 101." *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373 (Fed. Cir. 2011). The Supreme Court has held that mathematical algorithms and some fundamental economic and conventional business practices are abstract ideas. *See DDR Holdings, LLC v. Hotels.com LP*, 773 F.3d 1245, 1256 (Fed. Cir.2014) (citing *Benson*, 409 U.S. at 64 (finding mathematical algorithms patent ineligible); *Bilski*, 561 U.S. at 611 (finding the "fundamental economic practice" of hedging to be patent ineligible); *Alice*, 134 S.Ct. at 2356 (same for intermediated settlement)).

Claim 1 is independent, representative, and claims:

> 1. A method for facilitating sale to a potential customer of an object over a computer network, said object having a predetermined three-dimensional shape, the method comprising:
>
> over the computer network, providing the potential customer with a user input through which a design element selected by the potential customer is included on said object at a first location on the object;
>
> providing an input for said potential customer through which any of said plurality of display icons is selected; and
>
> over the computer network, and in response to the user inputs, providing the potential customer with different perspective views of the object with the

4

>   selected design element on the object at the first location represented by the selected display icon,
>
>   wherein through said user inputs at least first and second different perspective views of said object with the selected design element displayed thereon at the first location are viewable, with the design element at the first location shown in each of the first and second different perspective views.

(Compl., Exh. 1). Claim 9 is independent and provides for the same method, but specified to facilitating the sale of caps over the internet. (*Id.*) Claim 14 calls for the claims to be carried out using a "computer network server." (*Id.*) Plaintiff describes the patent as solving "a problem particular to e-commerce by allowing consumers to design their own products as a way to drive on-line sales." (Resp. at 1.) Defendant describes the patent as offering customizable merchandise that potential customers can preview from multiple angles.

Defendant argues that showing merchandise to potential customers is an abstract concept. Plaintiff claims that the '980 patent is not abstract because it is necessarily rooted in computer technology; rather, it is a method of facilitating sale to a potential customer over a computer network. However, not everything that uses a computer network is "necessarily rooted in computer technology." *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012) ("[s]imply adding a 'computer aided' limitation to a claim covering an abstract concept, without more, is insufficient to render the claim patent eligible."). For example, the claims in *DDR Holdings* were upheld because they did not merely "recite a commonplace business method aimed at processing business information, applying a known business process to the particular technological environment of the Internet." *DDR Holdings*, 773 F.3d at 1259. The patent in *DDR Holdings*, dealt with a problem specific to the internet relating to advertisements routing viewers to third-party websites. *Id.* at 1245. Specifically, *DDR Holdings* upheld a patent on a

system of linking website visitors to third-party sites while maintaining elements of the look and feel of the host site. *Id.* at 1258-59. This system was necessarily rooted in computer technology because it dealt with an internet-specific issue, *i.e.*, losing website visitors who were directed away from the host website after clicking on links.

In contrast, promoting sales by providing a visual aide to purchasing over the internet cannot be said to be rooted in computer technology. Presenting various iterations of products with different design elements in order to entice business is not computer or network specific. Furthermore, adding design elements to merchandise and displaying the merchandise is a method that can be performed by human thought alone, and previewing merchandise to potential customers is a longstanding economic practice. The '980 patent is an abstract idea.

*Inventive Concept*

Since the '980 patent is aimed at an abstract idea, the next step is to search the claims for an "inventive concept − *i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 134 S. Ct. at 2355 (internal citations and quotations omitted). The Supreme Court has stated that, while not the sole test, the machine-or-transformation test is a useful clue and investigative tool: "A claimed process can be patent-eligible under § 101 if: (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *Bilski*, 545 F.3d at 954.

The '980 patent is not tied to a particular machine, nor does it transform a particular article into a different state or thing. The patent limits an abstract idea, presenting previews of merchandise to potential customers, to computers and networks, but "limiting the use of an

6

abstract idea 'to a particular technological environment'" is "not enough for patent eligibility" *Alice*, 134 S.Ct. at 2357 (quoting *Bilski*, 561 U.S. at 610–11). Nor does user-input necessarily transform the abstract idea into an inventive concept. As the Federal Circuit has held, "furnishing icons on a web page" and "generating information to the user based on information inputted by the user" are conventional activities and not an inventive concept. *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015). There is no inventive concept that transforms the nature of the claim into a patent-eligible application.

Plaintiff also argues that the lack of multiple views in the prior art shows that the '980 patent is an inventive concept. However, "[t]hat some of the . . . steps were not previously employed in this art is not enough − standing alone − to confer patent eligibility upon the claims at issue." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014) ("*Ultramercial II*").

*Presumptive Validity*

Plaintiff also contends that the '980 patent has a presumption of validity that must be overcome by clear and convincing evidence. However, the Supreme Court has not applied a presumption of validity when ruling on patent eligibility under § 101. *See Ultramercial II*, 772 F.3d at 720-21 (Mayer, J. concurring) ("Although the Supreme Court has taken up several section 101 cases in recent years, it has never mentioned − much less applied − any presumption of eligibility.") Further, patent eligibility is a question of law. *Bilski*, 545 F.3d at 950. "Where the ultimate question of patent validity turns on the correct answer to legal questions . . . [the clear and convincing] standard of proof has no application." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (2011) (Breyer, J. concurring).

7

## CONCLUSION

The '980 patent claims an abstract idea and lacks an inventive concept that transforms the nature of the claim into a patent-eligible application. For the reasons discussed above, Defendant's Motion to Dismiss [13] is granted with prejudice.

Date:    January 19, 2016                                      
JOHN W. DARRAH
United States District Court Judge